IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES N. PATNAUDE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 05-345-SLR |
| v. | : | |
| | : | |
| ALBERTO GONZALES, ATTORNEY | : | |
| GENERAL – U.S. DEPARTMENT OF | : | |
| JUSTICE, and FEDERAL BUREAU OF | : | |
| INVESTIGATION, | : | |
| | : | |
| Defendants. | : | |

**OPENING BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

COLM F. CONNOLLY
United States Attorney

By: Seth M. Beausang (I.D. No. #4071)
Assistant United States Attorney
1007 N. Orange Street, Suite 700
Wilmington, Delaware 19801
(302) 573-6277

Dated: July 11, 2006.

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

NATURE AND STAGE OF THE PROCEEDINGS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.     STANDARD OF REVIEW OF A MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . 6

II.    PLAINTIFF'S FIRST CLAIM SHOULD
       BE DISMISSED FOR FAILURE TO
       EXHAUST HIS ADMINISTRATIVE REMEDIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       A.    The Exhaustion Requirements For Title VII And ADEA Claims.  . . . . . . . . . . . 7

       B.    Plaintiff Did Not Exhaust His Administrative
             Remedies Because He Failed To Cooperate With The EEOC  . . . . . . . . . . . . . . 8

III.   PLAINTIFF'S SECOND CLAIM
       SHOULD BE DISMISSED BECAUSE IT
       IS BARRED BY THE FECA, 5 U.S.C. § 8116(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.    PLAINTIFF'S THIRD CLAIM SHOULD BE
       DISMISSED FOR FAILURE TO STATE A CLAIM.  . . . . . . . . . . . . . . . . . . . . . . . . . 12

V.     PLAINTIFF'S FOURTH CLAIM
       SHOULD BE DISMISSED FOR
       FAILURE TO COMPLY WITH FED. R. CIV. P. 8.  . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Barnes v. Levitt*,
  118 F.3d 404 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Bechtel v. United States Office of Personnel Mgmt.*,
  549 F. Supp. 111 (N.D. Ga. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Brown v. Tomlinson*,
  383 F. Supp. 2d 26, 29 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Crawford v. Babbitt*,
  186 F.3d 1322 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Donahue v. Consol. Rail Corp.*,
  224 F.3d 226 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Elsberry v. Rice*,
  820 F. Supp. 824 (D. Del. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Haydt v. Loikits*,
  No. 99-4342, 2000 WL 1848598 (E.D. Pa. Dec. 19, 2000). . . . . . . . . . . . . . . . . . . . . 2, 9

*Healy v. U.S. Postal Serv.*,
  677 F. Supp. 1284 (E.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Heilman v. United States*,
  731 F.2d 1104 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hill v. Potter*,
  352 F.3d 1142 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jackson v. BellSouth Telecomm.*,
  372 F.3d 1250 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13

*Jordan v. United States*,
  522 F.2d 1128 (8th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**CASES**                                                                                    **PAGE**

*Leveto v. Lapina,*
    258 F.3d 156 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lockheed Aircraft Corp. v. United States,*
    460 U.S. 190 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

*Monaco v. Am. Gen. Assurance Co.,*
    359 F.3d 296 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Morse v. Lower Merion Sch. Dist.,*
    132 F.3d 902 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Obeng v. De. State Police,*
    No. 04-1248 (GMS), 2005 WL 1592951 (D. Del. July 7, 2005) . . . . . . . . . . . . . . . . . . 12

*Pension Benefit Guar. Corp. v. White Consol. Indus.,*
    998 F.2d 1192 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Purtill v. Harris,*
    658 F.2d 134 (3d Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

*Reeves v. Radiology Assocs., Inc.,*
    No. 05-007-JJF, 2006 WL 1173900 (D. Del. May 2, 2006) . . . . . . . . . . . . . . . . . . . . . 3

*Robinson v. Dalton,*
    107 F.3d 1018 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Schmid v. United States,*
    826 F.2d 227 (3d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Shikles v. Sprint/United Mgmt. Co.,*
    426 F.3d 1304 (10th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

*Stewart v. Hannon,*
    675 F.2d 846 (7th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Straker v. Metro. Transit Auth.,*
    333 F. Supp. 2d 91 (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

*Sw. Marine, Inc. v. Gizoni,*
    502 U.S. 81 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**CASES** **PAGE**

*Thompson v. U.S. Postal Serv.*,
    No. 02-020-SLR, 2002 WL 31833144 (D. Del. Oct. 29, 2002) . . . . . . . . . . . . . . . . . . . . . 2

*Tlush v. Mfrs. Res. Ctr.*,
    315 F. Supp. 2d 650 (E.D. Pa. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Williams v. Runyon*,
    130 F.3d 568 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wood v. Cent. Parking Sys. of Pa., Inc.*,
    No. Civ. A. 99-3022, 2000 WL 873310 (E.D. Pa. June 23, 2000) . . . . . . . . . . . . . . . 8-9

*Wright v. Southland Corp.*,
    187 F.3d 1287 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Tanious v. I.R.S.*,
    915 F.2d 410 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**OTHER AUTHORITIES**

29 C.F.R. § 1614.106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 C.F.R. § 1614.407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5 U.S.C. § 8116(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10-11

5 U.S.C. § 8128 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

29 U.S.C. § 633a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C. § 2000e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff James N. Patnaude, formerly employed by the Federal Bureau of Investigation ("FBI"), filed this action pro se on May 27, 2005, against Alberto Gonzales in his official capacity as Attorney General of the United States, and the FBI.[1]  Plaintiff's Complaint was dismissed on March 13, 2006, for failure to timely serve the Defendants.  Plaintiff filed a motion to reopen his case on April 6, 2006, which the Court granted on April 12, 2006.  Plaintiff subsequently served the Defendants with the Complaint.

Plaintiff's Complaint consists of four claims.  The first claim appears to be an attempt to allege that the Defendants retaliated against him for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), thereby violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. (2000), and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 633a et seq. (2000).  (Compl. at 4-5.)  The second claim alleges that Plaintiff was injured while working for the FBI, and seeks damages for "reckless endangerment" and "gross negligence."  (*Id.* at 6.)  The third claim alleges that the Defendants violated his civil rights by engaging in "unfair hiring practices."  (*Id.* at 7.)  The fourth claim is wholly conclusory, alleging that the Defendants committed "other acts" that were "discriminatory" and that "cannot be adequately stated until such time as legal counsel is appointed."  (*Id.* at 8.)  As explained below, each claim fails to state a cause of action and the Complaint should be dismissed.

---

[1]The FBI cannot be named a defendant in a Title VII or ADEA case.  *See, e.g.*, *Healy v. U.S. Postal Serv.*, 677 F. Supp. 1284, 1287 (E.D.N.Y. 1987) ("To withstand a motion to dismiss a complaint under Title VII, the party bringing the action must name the head of the agency or department as this is the only proper party defendant in a Title VII action."); *Bechtel v. United States Office of Personnel Mgmt.*, 549 F. Supp. 111, 113 (N.D. Ga. 1982) (agency head is the proper defendant under the ADEA).

## SUMMARY OF THE ARGUMENT

1.      Plaintiff's first claim should be dismissed because Plaintiff failed to exhaust his administrative remedies.  *See* 42 U.S.C. § 2000e-16(c); *Thompson v. U.S. Postal Serv.*, No. 02-020-SLR, 2002 WL 31833144, at *2 (D. Del. Oct. 29, 2002) (dismissing Title VII complaint because the plaintiff-federal employee failed to exhaust his administrative remedies).  Plaintiff filed a complaint with the EEOC raising claims of discrimination and retaliation, but that complaint was dismissed because Plaintiff failed to proceed with the complaint in that he failed to comply with discovery orders, failed to file a prehearing statement, and failed to respond to a motion seeking to dismiss his EEOC complaint.  (*See* Ex. A.)  Plaintiff's failure to cooperate with the EEOC's investigation of his complaint means that he did not exhaust his administrative remedies and, accordingly, his Title VII and ADEA claims should be dismissed.  *See, e.g.*, *Haydt v. Loikits*, No. 99-4342, 2000 WL 1848598, at *2 (E.D. Pa. Dec. 19, 2000).

2.      Plaintiff's second claim should be dismissed for lack of subject matter jurisdiction because it alleges that Plaintiff suffered an injury in the course of his duty as a federal employee.  Accordingly, that claim is barred by the exclusivity provision of the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8116(c).  *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983) (stating that the FECA guarantees injured federal employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation" from their employer, i.e., the federal government, "but in return they lose the right to sue the Government").

3.      Plaintiff's third claim should be dismissed because it does not allege that the Defendants engaged in discrimination that is prohibited by federal law.  Plaintiff appears to

allege that the Defendants discriminated against other applicants for federal employment based on characteristics such as color vision, passing a polygraph examination, driving records and drug use.  Federal law does not prohibit discrimination based on those characteristics.  Plaintiff also attempts to allege that the Defendants discriminated against other federal employees based on hearing and age – which, depending on the facts in a given case, could be characteristics protected from discrimination – but he still fails to state a claim because he does not even attempt to allege a prima facie case.  *See, e.g.*, *Reeves v. Radiology Assocs., Inc.*, No. 05-007-JJF, 2006 WL 1173900, at *2-3 (D. Del. May 2, 2006) (dismissing Title VII complaint that failed to allege a prima facie case of discrimination).

4.     Plaintiff's fourth and final claim should be dismissed because it does not allege a single fact to support a claim of discrimination.  *See, e.g.*, *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1272 (11th Cir. 2004) (dismissing Title VII complaint because it contained "wholly conclusory allegations" without "any factual support ").

## STATEMENT OF FACTS[2]

Plaintiff's bare-bones Complaint consists of four "claims." The first claim alleges that the Defendants committed "discriminatory acts" which allegedly "violated [Plaintiff's] civil rights." (Compl. at 4.) According to Plaintiff, the Defendants took a variety of acts in retaliation for Plaintiff's filing of a complaint with the EEOC. (*Id.*) Principally, the Defendants are alleged to have begun a criminal investigation of Plaintiff's alleged mishandling of classified documents. (*Id.*) Plaintiff's home and office were searched pursuant to a warrant, Plaintiff was told to resign or face criminal charges, and his reputation was ruined. (*Id.*)

Plaintiff's second claim alleges that while working as a "member of a Hazardous Materials Response Team, myself and other members of the FBI that were operating at the same location were needlessly exposed to an extremely hazardous substance as a direct result of orders given by the Director of the [FBI], Robert S. Mueller III." (*Id.* at 6.) According to Plaintiff, he was injured as a result and the FBI initially failed to pay his medical expenses. (*Id.*) After "Johns Hopkins threatened to refer [the bills] to a collection agency, thereby potentially damaging [Plaintiff's] credit rating, . . . the FBI finally paid the medical charges." (*Id.*)

Plaintiff's third claim alleges that the FBI "routinely engages in inconsistent and discriminatory hiring practices relating to Special Agent positions." (*Id.* at 7.) Specifically, Plaintiff claims that "it has come to my attention that the FBI routinely breaks its own rules as it [sic] relates to hiring people with physical items such as color vision and hearing, passing of polygraphs examinations, driving records and drug use and age." (*Id.*) Notably, Plaintiff does

---

[2]The Statement of Facts is drawn entirely from Plaintiff's Complaint and the allegations are assumed to be true only for the purpose of this motion.

4

not claim that *he* was affected by these allegedly discriminatory hiring practices.  Instead, Plaintiff states that "[h]ad I been aware of the inconsistencies prior to becoming a support employee and exceeding the age requirement, I would have previously taken the necessary legal action to rectify the inequity."  (*Id.*)

Plaintiff's fourth claim is wholly conclusory, alleging that the Defendants committed "other acts" that were "discriminatory" and that "cannot be adequately stated until such time as legal counsel is appointed."  (*Id.* at 7.)

As explained below, each claim fails to state a cause of action and the Complaint should be dismissed.

**ARGUMENT**

## I.    STANDARD OF REVIEW OF A MOTION TO DISMISS.

When considering a motion to dismiss the Court must accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001).  The Court need not, however, credit "'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Generally, the Court should not look outside the pleadings when considering a motion to dismiss.  However, the Court may consider documents that are referred to in the complaint, even if those documents are not attached to the complaint.  *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (quotations omitted).  Where, as here, the United States moves to dismiss a complaint for failure to exhaust, "administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment."  *Tlush v. Mfrs. Res. Ctr.*, 315 F. Supp. 2d 650, 654 (E.D. Pa. 2002) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  The EEOC's Memorandum and Order dismissing Plaintiff's EEOC complaint for failure to proceed is accordingly attached hereto as Exhibit A.

## II.    PLAINTIFF'S FIRST CLAIM SHOULD BE DISMISSED FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

### A.    The Exhaustion Requirements For Title VII And ADEA Claims.

Title VII establishes the exclusive remedy for federal employees alleging sex and race discrimination in the workplace. *Robinson v. Dalton*, 107 F.3d 1018, 1020-21 (3d Cir. 1997). As a precondition to suit, plaintiffs in Title VII cases are required to exhaust their administrative remedies, and their failure to do so "is an affirmative defense in the nature of statute of limitations." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); *see also* 42 U.S.C. § 2000e-16(c). Although plaintiffs in ADEA cases can bypass the EEOC and file suit in the first instance in the district court, if they file a complaint with the EEOC they must then exhaust their administrative remedies before filing a complaint in court. *See Elsberry v. Rice*, 820 F. Supp. 824, 830 (D. Del. 1993) (citing *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981)). Here, Plaintiff filed a complaint with the EEOC raising claims of discrimination and retaliation under Title VII and the ADEA. Accordingly, he was required to exhaust his administrative remedies before filing the Complaint.

To satisfy the exhaustion requirement under Title VII, an aggrieved federal employee first must file a formal complaint with the agency that allegedly discriminated against him. 29 C.F.R. § 1614.106(a). After the agency renders a final decision, the employee has the option to appeal the decision of the agency to either the federal district court or the EEOC. 42 U.S.C. § 2000e-16(c). If the employee appeals to the EEOC, the employee may file a complaint in the district court within ninety days after receiving the EEOC's final decision on appeal, or after 180 days if the EEOC has not issued a decision. *Id.*; 29 C.F.R. §§ 1614.407(c) & (d). An employee

7

who files a complaint with the EEOC raising claims under the ADEA however, must wait for a decision from the EEOC before filing a lawsuit in the district court.  *See Purtill*, 658 F.2d at 138 (noting that under the ADEA – unlike Title VII – the EEOC does not have a deadline to act on a complaint after which the plaintiff can file in district court).

Employees must also make a good faith effort to cooperate with the EEOC's investigation in order to exhaust their administrative remedies.  *See, e.g.*, *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) ("Thus, because Shikles failed to make a good faith effort to cooperate with the EEOC and provide the agency with information sufficient to evaluate the merits of his claim, he failed to exhaust his administrative remedies under the ADEA."); *Wood v. Cent. Parking Sys. of Pa., Inc.*, No. Civ. A. 99-3022, 2000 WL 873310, at *4 (E.D. Pa. June 23, 2000) ("Because plaintiff failed to cooperate with the EEOC's investigation of her claim, the court finds that plaintiff failed to exhaust her administrative remedies."); *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.") (quotations omitted).

**B.    Plaintiff Did Not Exhaust His Administrative Remedies Because He Failed To Cooperate With The EEOC.**

Courts routinely dismiss complaints raising claims under Title VII and the ADEA for lack of exhaustion where the plaintiff failed to cooperate with the EEOC's investigation of the claims. *See, e.g.*, *Shikles*, 426 F.3d at 1317 (ordering ADEA complaint dismissed for failure to cooperate with the EEOC); *Brown v. Tomlinson*, 383 F. Supp. 2d 26, 29 (D.D.C. 2005) (ordering Title VII complaint dismissed for failure to cooperate with the EEOC); *Hill v. Potter*, 352 F.3d 1142, 1146

(7th Cir. 2003); *Haydt*, 2000 WL 1848598, at *2; *Wood*, 2000 WL 873310, at *4; *Crawford v. Babbitt*, 186 F.3d at 1326; *Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997); *Tanious v. I.R.S.*, 915 F.2d 410, 411 (9th Cir. 1990); *Jordan v. United States*, 522 F.2d 1128, 1132-33 (8th Cir. 1975).

For example, in *Barnes*, the plaintiff, an attorney with the Securities and Exchange Commission ("SEC"), filed a formal complaint with the EEOC claiming sex and race discrimination under Title VII, but then failed to respond to discovery requests or appear for her deposition. *Barnes*, 118 F.3d at 407-08. Eventually, the SEC sent the plaintiff a letter stating that if she maintained her lack of cooperation, the agency would cancel her complaint. *Id.* at 408. After the plaintiff subsequently cancelled her deposition, the SEC sent her another letter canceling her complaint for her failure to cooperate. *Id.* Under these circumstances, the Court of Appeals for the Fifth Circuit held that the plaintiff had failed to exhaust her administrative remedies and, accordingly, remanded her case to the district court with instructions to dismiss the complaint for lack of jurisdiction. *Id.*

Similarly, in *Shikles*, the plaintiff, Davis Shikles, filed a complaint with the EEOC alleging age discrimination in violation of the ADEA. *Shikles*, 426 F.3d at 1306. "Over the course of the next three months, Shikles and his attorney cancelled three scheduled telephone interviews with the EEOC investigator assigned to his case, failed repeatedly to return the investigator's telephone calls, and failed to submit information requested by the investigator." *Id.* at 1307. The EEOC investigator then sent plaintiff's attorney a letter warning him that the plaintiff's complaint would be dismissed if the plaintiff did not submit to a telephone interview. *Id.* at 1307 n.1. When the plaintiff failed to submit to the interview, the EEOC dismissed his

9

complaint, stating in a letter to the plaintiff "that [he had] failed to cooperate to the extent that it was not possible to resolve [his] charge." *Id.* Under these circumstances, the Tenth Circuit remanded the case to the district court with instructions to dismiss the complaint, holding that "because Shikles failed to make a good faith effort to cooperate with the EEOC and provide the agency with information sufficient to evaluate the merits of his claim, he failed to exhaust his administrative remedies under the ADEA." *Id.* at 1317.

Here, just like in *Barnes*, *Shikles*, and the other cases cited above, Plaintiff did not exhaust his administrative remedies because he failed to cooperate with the EEOC. The Administrative Law Judge ("ALJ") noted in the order that Plaintiff had previously been sanctioned for his failure to comply with an order compelling Plaintiff to respond to discovery requests. (*See* Ex. A.) Plaintiff subsequently failed to submit a prehearing statement or explain his failure to do so. (*Id.*) The FBI then filed a motion to dismiss Plaintiff's EEOC complaint for failure to participate in the administrative process. (*Id.*) Plaintiff did not respond to that motion. (*Id.*) Given Plaintiff's failure to cooperate with the EEOC in good faith, the ALJ had no choice but to dismiss Plaintiff's EEOC complaint for "failure to proceed." (*Id.*) The first claim in the Complaint should therefore be dismissed for Plaintiff's failure to exhaust his administrative remedies.

### III.    PLAINTIFF'S SECOND CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiff's second claim should be dismissed for lack of subject matter jurisdiction because it alleges that Plaintiff suffered an injury in the course of his duty as a federal employee. (Compl. at 6.) Accordingly, that claim is barred by the exclusivity provision of the FECA, 5

U.S.C. § 8116(c), which makes the United States' liability under FECA "exclusive and instead of all other liability":

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee . . . in a civil action . . . or under a Federal tort liability statute.

5 U.S.C. § 8116(c); *see also Lockheed Aircraft*, 460 U.S. at 194 (stating that the FECA guarantees injured federal employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation" from their employer, i.e., the federal government, "but in return they lose the right to sue the Government").

Plaintiff admits that he was injured while working for the FBI.  (*See* Compl. at 6 (alleging that "While deployed . . . as a member of a Hazardous Materials Response Team, myself and other members of the FBI . . . were needlessly exposed to an extremely hazardous substance . . . .").)  Plaintiff filed a worker's compensation claim, and the FBI paid his medical expenses pursuant to the FECA.  (*See id.* (alleging that "[s]everal bills were sent . . . [and] the FBI finally paid the medical charges").)  Under these circumstances, Plaintiff cannot pursue additional compensation for his alleged injuries in court.  *See, e.g.*, *Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984) ("[T]he decision of the Secretary of Labor on whether FECA covers the alleged injury, and on the amount of compensation, if any, to be awarded, is final, and review of any kind by a court is absolutely barred."); *see also* 5 U.S.C. § 8128; *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("the courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies"); *Schmid v. United States*, 826 F.2d 227, 229 (3d Cir. 1987) ("First, plaintiff contends that the government's initial decision denying him FECA

11

benefits should allow him to proceed to federal court . . . .  We reject this argument.").

Accordingly, Plaintiff's second claim should be dismissed for lack of jurisdiction.[3]

## IV.    PLAINTIFF'S THIRD CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff's third claim should be dismissed because it does not allege that the Defendants engaged in discrimination that is prohibited by federal law.  Plaintiff appears to allege that the Defendants discriminated against applicants for federal employment other than Plaintiff based on characteristics such as color vision, passing a polygraph examination, driving records and drug use.  Federal law does not prohibit discrimination based on those characteristics.  *Cf. Wright v. Southland Corp.*, 187 F.3d 1287, 1289 (11th Cir. 1999) ("Every employment decision involves discrimination.  An employer, when deciding who to hire, who to promote, and who to fire, must discriminate among persons.  Permissible bases for discrimination include education, experience, and references.  Impermissible bases for discrimination, under federal law, include race, sex, and age.").

Even Plaintiff's attempt to allege that the Defendants discriminated against applicants for federal employment based on hearing and age – which, depending on the facts in a given case, could be characteristics protected from discrimination – fails because he does not even attempt to allege a prima facie case.  For example, with respect to the applicants who allegedly were discriminated against because of their hearing, Plaintiff does not allege whether these applicants

---

[3]Even if Plaintiff's second claim were not barred by the FECA, which it is, it would still have to be dismissed because it is a tort claim against the United States that Plaintiff apparently did not submit to the appropriate federal agency before filing the Complaint.  *See, e.g.*, *Obeng v. De. State Police*, No. 04-1248 (GMS), 2005 WL 1592951, at *2 (D. Del. July 7, 2005) ("Fulfillment of the administrative claim requirement is an essential prerequisite to the court's subject matter jurisdiction over a[ Federal Tort Claims Act] claim.").

were so hearing impaired as to be disabled under the Rehabilitation Act, or whether the

applicants could perform the essential functions of any position.  *See, e.g.*, *Donahue v. Consol.*

*Rail Corp.*, 224 F.3d 226, 229 (3d Cir. 2000) (describing the elements of a prima facie case of

discrimination under the Rehabilitation Act).  Similarly, with respect to the applicants who

allegedly were discriminated against because of their age, Plaintiff does not allege how old these

applicants were, whether they were qualified for any positions, or whether younger applicants

were hired instead.  *See, e.g.*, *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir.

2004) (describing the elements of a prima facie case of discrimination under the ADEA).

Accordingly, Plaintiff's claim that the Defendants discriminated against applicants for federal

employment other than Plaintiff should be dismissed.[4]

## V.    PLAINTIFF'S FOURTH CLAIM SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8.

Plaintiff's fourth and final claim should be dismissed because it does not allege a single

fact to support a claim of discrimination.  All Plaintiff alleges is that the Defendants committed

"other acts" that were "discriminatory" and that "cannot be adequately stated until such time as

legal counsel is appointed."  (Compl. at 7.)  Obviously, that does not suffice.  *See, e.g.*, *Jackson*,

372 F.3d at 1272 (dismissing Title VII complaint because it contained "wholly conclusory"

allegations" without "any factual support "); *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91,

---

[4]Plaintiff's third claim should also be dismissed for lack of standing.  Although courts have held that employees have standing to challenge race and sex discrimination against other employees or applicants, *see, e.g.*, *Stewart v. Hannon*, 675 F.2d 846, 850 (7th Cir. 1982) (finding a white woman who had been deprived of interracial associations in workplace to be a "person aggrieved" within meaning of Title VII), that principle has not been extended to allow employees to challenge non-race and non-sex discrimination against other employees or applicants, as Plaintiff is attempting to do here.

102 (E.D.N.Y. 2004) ("Count II, which contains no facts supporting the grounds upon which

Straker's claim of race discrimination rests, must therefore be dismissed.").

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

DATED:  July 11, 2006.

                                                    Respectfully Submitted,

                                                    COLM F. CONNOLLY
                                                    United States Attorney

                                          By:_____/s/ Seth M. Beausang_____
                                                    Seth M. Beausang (I.D. No. 4071)
                                                    Assistant United States Attorney
                                                    The Nemours Building
                                                    1007 Orange Street, Suit 700
                                                    Wilmington, DE 19801
                                                    (302) 573-6277

15

**CERTIFICATE OF SERVICE**

I, Seth M. Beausang, hereby attest under penalty of perjury that on this 11th day of July, 2006, I caused two copies of Defendants' Motion to Dismiss to be served on the Plaintiff by First Class Mail at the following address:

James N. Patnaude, pro se
P.O. Box 7971
Newark, DE 19714


        /s/ Seth M. Beausang
Seth M. Beausang (DE I.D. No. 4071)