IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES N. PATNAUDE,           )<br>                              )<br>     Plaintiff,             )<br>                              )<br>     v.                       )   Civ. No. 05-345-SLR<br>                              )<br>ATTORNEY GENERAL ALBERTO      )<br>GONZALES and FEDERAL BUREAU   )<br>OF INVESTIGATION ,            )<br>                              )<br>     Defendants.              ) | |

**O R D E R**

At Wilmington this 7th day of August, 2006, having reviewed plaintiff's motion for appointment of counsel and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 11) is denied without prejudice to renew for the reasons that follow:

1. On May 31, 2005, plaintiff, proceeding pro se, filed this employment discrimination suit and paid the $250 filing fee. (D.I. 1) On March 13, 2006, the case was dismissed without prejudice due to plaintiff's failure to serve process within 120 days of filing the complaint. (D.I. 3) After providing a detailed explanation and documentation, plaintiff's motion to reopen the case was granted. (D.I. 5) On July 11, 2006, defendants moved to dismiss the complaint. (D.I. 6,7) In response, plaintiff moved for appointment of "outside legal counsel with experience in the particular area of law that [his]

case addresses." (D.I. 11) He states that someone with the Equal Employment Opportunity Unit of the Federal Bureau of Investigation told him that, if he filed a civil suit in federal court, counsel would be provided if he could demonstrate a financial inability to pay for such services. To that end, plaintiff attaches a summary of his savings and liabilities. (Id. at 1)

2. A pro se civil litigant, regardless of financial ability, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim

has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

    3. Plaintiff has demonstrated that he is able to articulate the alleged facts clearly. To date, the papers he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Morever, because the court's consideration of defendants' motion to dismiss will be a purely legal analysis, plaintiff's alleged inability to formulate opposition arguments will have no bearing on the review. Should the case become progressively more complicated, however, plaintiff may renew his motion for appointment of counsel.

                                          _____
                                          United States District Judge