IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES N. PATNAUDE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 05-345-SLR |
| v. | : | |
| | : | |
| ALBERTO GONZALES, ATTORNEY | : | |
| GENERAL – U.S. DEPARTMENT OF | : | |
| JUSTICE, and FEDERAL BUREAU OF | : | |
| INVESTIGATION, | : | |
| | : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

        COLM F. CONNOLLY
        United States Attorney

    By: Seth M. Beausang (I.D. No. #4071)
        Assistant United States Attorney
        1007 N. Orange Street, Suite 700
        Wilmington, Delaware 19801

Dated: September 14, 2006.     (302) 573-6277

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   PLAINTIFF'S FIRST CLAIM SHOULD
     BE DISMISSED FOR FAILURE TO
     EXHAUST HIS ADMINISTRATIVE REMEDIES. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.   Unsupported And Vague Allegations
          Of Mental Illness Do Not Excuse Exhaustion... . . . . . . . . . . . . . . . . . . . . . . . 3

     B.   Plaintiff Was Required To Exhaust His Administrative Remedies.. . . . . . . . . . 5

     C.   Allegations That Plaintiff's Security Clearance
          Was Improperly Revoked Do Not State A Claim. . . . . . . . . . . . . . . . . . . . . . . 7

II.  PLAINTIFF'S SECOND CLAIM
     SHOULD BE DISMISSED FOR
     LACK OF SUBJECT MATTER JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. PLAINTIFF'S THIRD CLAIM SHOULD BE
     DISMISSED FOR FAILURE TO STATE A CLAIM.. . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  PLAINTIFF'S FOURTH CLAIM
     SHOULD BE DISMISSED FOR
     FAILURE TO COMPLY WITH FED. R. CIV. P. 8.. . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

**CASES**  **PAGE**

*Baird v. Haith*,
　　724 F. Supp. 367 (D. Md. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bernard v. United States*,
　　59 Fed. Cl. 497 (Fed. Cl. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Campbell v. Potter*,
　　No. 01-CV-4517, 2005 WL 2660380 (E.D. Pa. Oct. 17, 2005).. . . . . . . . . . . . . . . . . . . . 8

*Dep't of the Navy v. Egan*,
　　484 U.S. 518 (1988).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Donahue v. Consol. Rail Corp.*,
　　224 F.3d 226 (3d Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*EEOC v. Harvey L. Walner & Assocs.*,
　　91 F.3d 963 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hampton v. IRS*,
　　913 F.2d 180 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*Hedges v. United States*,
　　404 F.3d 744 (3d Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hwang v. U.S. Dep't of Defense*,
　　No. 04-1663(RBK), 2006 WL 1084161 (D.N.J. Apr. 25, 2006). . . . . . . . . . . . . . . . . . 6

*Jones v. U.S. Postal Serv.*,
　　No. 02-1449-SLR, 2004 WL 1739714 (D. Del. July 21, 2004).. . . . . . . . . . . . . . . . . . 8

*Lake v. Arnold*,
　　232 F.3d 360 (3d Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lockheed Aircraft Corp. v. United States*,
　　460 U.S. 190 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Miller v. Runyon*,
　　77 F.3d 189 (7th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**CASES** **PAGE**

*Moody v. Kearney*,
     380 F. Supp. 2d 393 (D. Del. 2005)............................................. 3

*Petr v. De. Air Nat'l Guard*,
     No. 94-327-SLR, 1995 WL 579634 (D. Del. Sept. 28, 1995)................... 5-6

*Pulitzer v. Middleberg*,
     No. 95-4004, 1996 WL 469689 (E.D. La. Aug. 16, 1996)........................ 5

*Seitzinger v. Reading Hosp. & Med. Ctr.*,
     165 F.3d 236 (3d Cir. 1999)..................................................... 3

*Spence v. Shaw*,
     54 F.3d 196 (3d Cir. 1995)..................................................... 8

*Temparali v. Rubin*,
     No. 96-5382, 1997 WL 361019 (E.D. Pa. June 20, 1997)....................... 3, 5

*Thompson v. U.S. Postal Serv.*,
     No. 02-020-SLR, 2002 WL 31833144 (D. Del. Oct. 29, 2002)..................... 8

*Wood v. Cent. Parking Sys. of Pa., Inc.*,
     No. Civ. A. 99-3022, 2000 WL 873310 (E.D. Pa. June 23, 2000).................. 2

**OTHER AUTHORITIES**

42 U.S.C. § 2000e-16(c)................................................................. 8

Fed. R. Civ. P. 8....................................................................... 8

# PRELIMINARY STATEMENT[1]

Plaintiff James N. Patnaude, formerly employed by the Federal Bureau of Investigation ("FBI"), filed this action pro se on May 27, 2005, against Alberto Gonzales in his official capacity as Attorney General of the United States, and the FBI. On July 11, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint which the Court converted to a Motion for Summary Judgment on July 31, 2006. On August 31, 2006, Plaintiff filed a response (the "Response") to Defendants' Motion, which consists of a nineteen–paragraph affidavit with twenty-four exhibits. (Doc. No. 14.)

As explained below, Plaintiff's Response does not point to any genuine issues of material fact that would allow any of his four claims to survive summary judgment. Accordingly, Plaintiff's Complaint should be dismissed.

---

[1] Defendants' Opening Brief in Support of its Motion to Dismiss is cited herein as Op. Br. at ____. Plaintiff's affidavit filed as his Response is cited herein as Pl.'s Aff. ¶ ____.

# ARGUMENT

I. **PLAINTIFF'S FIRST CLAIM SHOULD BE DISMISSED FOR FAILURE TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

As explained in Defendants' Opening Brief, Plaintiff's first claim should be dismissed for failure to exhaust his administrative remedies. (*See* Op. Br. at 7-10.) Plaintiff's EEOC complaint was dismissed because Plaintiff failed to comply with discovery orders, failed to file a prehearing statement, and failed to respond to a motion seeking to dismiss his EEOC complaint. (*See* Op. Br. Ex. A.) Plaintiff admits in his Response that he did not cooperate with the EEOC and that his lack of cooperation led to the dismissal of his EEOC complaint with prejudice. (Pl.'s Aff. ¶ 12.) Plaintiff's failure to cooperate with the EEOC's investigation of his claims means that he did not exhaust his administrative remedies and, accordingly, his Title VII and ADEA claims should be dismissed. *See, e.g.*, *Wood v. Cent. Parking Sys. of Pa., Inc.*, No. Civ. A. 99-3022, 2000 WL 873310, at *4 (E.D. Pa. June 23, 2000) ("Because plaintiff failed to cooperate with the EEOC's investigation of her claim, the court finds that plaintiff failed to exhaust her administrative remedies.").

In his Response, Plaintiff appears to offer two reasons why he should be able to proceed with this action despite his admitted failure to comply with the Title VII and ADEA exhaustion requirements. First, Plaintiff suggests that he should be exempt from the exhaustion requirements because he claims he has been suffering from "undiagnosed and untreated anxiety and depression" which "*probably* started around the time of [his] initial suspension," and because "[t]here were times during the period of the EEOC hearing that [he] was too exhausted to perform normal daily functions and [was] paralyzed with fear." (Pl.'s Aff. ¶ 12 (emphasis

added).) Second, Plaintiff suggests that he should be exempt from the exhaustion requirements because the administrative judge who presided over his EEOC complaint allegedly indicated during a telephone conference that "she had no jurisdiction or authority to reinstate [him] to [his] position in the FBI," and because the "gist" of his suit is "wrongful termination." (*Id.* ¶ 13.) Both of these excuses have no merit and should be rejected.

### A. Unsupported And Vague Allegations Of Mental Illness Do Not Excuse Exhaustion.

Some courts have recognized that – in "very limited circumstances" – mental illness can be a basis for equitable tolling of the various limitations periods in statutes such as Title VII and the ADEA. *See, e.g.*, *Temparali v. Rubin*, No. 96-5382, 1997 WL 361019, at *6 (E.D. Pa. June 20, 1997) (collecting cases); *cf. Moody v. Kearney*, 380 F. Supp. 2d 393, 397 (D. Del. 2005) (recognizing that equitable tolling "should be invoked sparingly") (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)).

*No court*, however, has done what Plaintiff asks this Court to do, that is, *completely excuse* Plaintiff from the Title VII and ADEA exhaustion requirements. In other words, Plaintiff is not asking the Court to excuse his failure to *timely* exhaust his administrative remedies – *he wants to be excused from the exhaustion requirements altogether*. Even those courts that have excused untimely exhaustion based on the plaintiff's mental illness have not gone so far as to completely excuse exhaustion on that basis. *See, e.g.*, *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990) ("We also agree with the district court's refusal to relax the exhaustion requirement in this case. Hampton claims that, because he was in a mental hospital for thirty days following his termination, the time period for filing his administrative claims should be tolled. The court

3

correctly stated, however, that 'at best, such tolling would provide plaintiff additional time to proceed before the appropriate agency. *It would not excuse the exhaustion requirements*.'") (emphasis added). For this reason alone, Plaintiff's first claim should be dismissed.

Moreover, even if the doctrine of equitable tolling based on mental illness could somehow be stretched to allow a Title VII and ADEA plaintiff to completely forego exhaustion, Plaintiff's Complaint should still be dismissed because equitable tolling does not apply here. The Court of Appeals for the Third Circuit has held that "mental incompetence is not per se a reason to toll the statute of limitations in federal actions." *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000). In *Lake*, the Third Circuit required an unusual circumstance before it would toll a statute of limitations because of mental illness, stating that when "a guardian conspires to deprive a mentally incompetent person of her constitutional and civil rights, equitable tolling might be appropriate." *Id.* at 370-71. The court stated that these "unique facts" distinguished the plaintiff's case in *Lake* from "others where a plaintiff has argued for tolling based on mental incapacity." *Id.* at 371. Here there is no unusual circumstance like there was in *Lake* that could justify tolling. Plaintiff in this case alleges only that he was suffering from "undiagnosed and untreated anxiety and depression" which "probably started around the time of [his] initial suspension." (Pl.'s Aff. ¶ 12.) There is nothing unique about that claim and it does not suffice to excuse Plaintiff's failure to exhaust his administrative remedies. *Cf. Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2004) (holding that "mental incompetence, even rising to the level of insanity, does not toll a federal statute of limitations for claims against the Government").

And, even if some unusual circumstance were present here, Plaintiff would still not be eligible for tolling because he cannot allege that his mental condition in fact prevented him from

4

exhausting his administrative remedies. *See, e.g.*, *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."). Plaintiff admits that he was – despite his purported mental condition – able to file an EEOC charge and, at first, participate in the EEOC process. (*See* Pl.'s Aff. ¶ 13 (admitting that Plaintiff participated in a telephone conference with the administrative law judge).) Accordingly, Plaintiff's purported mental condition could not have prevented him from completing the EEOC process and exhausting his remedies. *See, e.g.*, *Temparali*, 1997 WL 361019, at *6 (finding no basis for equitable tolling because plaintiff was able to work and consult with an attorney despite alleged mental condition).

Finally, Plaintiff must present more than self-serving statements in an affidavit to justify equitable tolling. *See, e.g.*, *Pulitzer v. Middleberg*, No. 95-4004, 1996 WL 469689, at *4 (E.D. La. Aug. 16, 1996) (finding no basis for equitable tolling because plaintiff's "argument that [the defendant's] alleged conduct caused her psychological debilitation is mere opinion and legal conclusion, completely unsupported by any competent evidence") (footnotes omitted). For all these reasons, Plaintiff's alleged mental condition cannot excuse his failure to exhaust his administrative remedies.

      **B.**    **Plaintiff Was Required To Exhaust His Administrative Remedies.**

Plaintiff's contention that he should be excused from the Title VII and ADEA exhaustion requirements because the gist of his suit is "wrongful termination" also has no merit. This Court has previously rejected "attempt[s] to bypass the administrative and remedies restrictions of Title VII 'by the simple expedient of putting a different label on the pleadings.'" *Petr v. De. Air Nat'l*

*Guard*, No. 94-327-SLR, 1995 WL 579634, at *4 (D. Del. Sept. 28, 1995) (finding that plaintiff failed to exhaust his "wrongful termination" claim) (quoting *Baird v. Haith*, 724 F. Supp. 367, 373-74 (D. Md. 1988)). To the extent Plaintiff is claiming he was wrongfully terminated based on discrimination, those claims are governed by Title VII, the ADEA, and the Rehabilitation Act, and must be exhausted before they can be brought here. To the extent Plaintiff is claiming he was wrongfully terminated for some other reason, those claims are governed – if at all – by the Civil Service Reform Act, and must first be brought before the Merit Systems Protection Board. *See Petr*, 1995 WL 579634, at *4 ("Federal employees' claims stemming from improper dismissals are ordinarily covered by the Civil Service Reform Act. This act provides the exclusive remedy for wrongful dismissals, and requires an initial determination by the Merit Systems Protection Board (MSPB).").[2] Either way, Plaintiff's claims should be dismissed.

Finally, Plaintiff's contention that the administrative law judge had no authority to reinstate him is wrong. *See* 42 U.S.C. § 2000e-16(b) (authorizing the EEOC to enforce the prohibition on discrimination by the federal government "through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section"). Accordingly, Plaintiff's reinstatement claim must be dismissed for lack of exhaustion. *See, e.g.*, *Hwang v. U.S. Dep't of Defense*, No. 04-1663(RBK), 2006 WL 1084161, at *5 (D.N.J. Apr. 25, 2006) (dismissing plaintiff's reinstatement claim for lack of exhaustion).

---

[2]Many FBI "employees" are actually classified as "members" and, as such, are not eligible to challenge their dismissals before the MSPB. Even if Plaintiff is not eligible to appeal his dismissal to the MSPB, that still does not mean that he can bring a federal action for "wrongful termination."

### C. Allegations That Plaintiff's Security Clearance Was Improperly Revoked Do Not State A Claim.

Plaintiff writes at length in his Response alleging various reasons why he claims that his security clearance was improperly revoked. (*See* Pl.'s Aff. ¶ 14.) However, this Court "does not have jurisdiction over this claim because the Supreme Court has held suspension of a security clearance does not rise to a legal or equitable claim." *Bernard v. United States*, 59 Fed. Cl. 497, 502 (Fed. Cl. 2004) (citing *Dep't of the Navy v. Egan*, 484 U.S. 518, 528 (1988) (holding a Navy employee discharged after security clearance was revoked had no legal right to clearance).

## II. PLAINTIFF'S SECOND CLAIM SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

As explained in the Opening Brief, Plaintiff's second claim should be dismissed for lack of subject matter jurisdiction because it alleges that Plaintiff suffered an injury in the course of his duty as a federal employee. (*See* Op. Br. at 10-12.) Accordingly, that claim is barred by the exclusivity provision of the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8116(c). *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983) (stating that the FECA guarantees injured federal employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation" from their employer, i.e., the federal government, "but in return they lose the right to sue the Government").

In his Response, Plaintiff claims he was not actually injured on the job, but was "needlessly exposed to anthrax," and that he wants compensation only if "there are adverse conditions that arise later." (Pl.'s Aff. ¶ 15.) Apparently, then, Plaintiff's second claim is not ripe. If his second claim becomes ripe, meaning if Plaintiff ever develops symptoms from his purported anthrax exposure, any claim based on that exposure will still be covered by the FECA

because the exposure happened, if at all, while Plaintiff was working for the FBI. For all these reasons, Plaintiff's second claim should be dismissed.

### III. PLAINTIFF'S THIRD CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

As explained in the Opening Brief, Plaintiff's third claim should be dismissed because it does not allege that the Defendants engaged in discrimination that is prohibited by federal law. (*See* Op. Br. at 12-13.) Plaintiff's third claim – as it was couched in the Complaint – alleged discrimination against applicants for federal employment *other than Plaintiff*. In his Response, Plaintiff attempts to amend his third claim, alleging now that he was initially turned down for employment with the FBI based on his color blindness, even though an exception was made for another applicant with "a color blindness issue." (Pl.'s Aff. ¶ 16.) However, even this amended claim fails to state a valid cause of action.

First of all, to the extent Plaintiff is attempting to assert a claim under Title VII or the Rehabilitation Act, that claim must be dismissed because Plaintiff does not allege that he has exhausted his administrative remedies. *See, e.g.*, *Spence v. Shaw*, 54 F.3d 196, 201 (3d Cir. 1995) (holding that applicants for federal employment who want to bring claims under the Rehabilitation Act must first exhaust their administrative remedies); *Campbell v. Potter*, No. 01-CV-4517, 2005 WL 2660380, at *4 (E.D. Pa. Oct. 17, 2005) (dismissing Rehabilitation Act claims because Plaintiffs failed to exhaust their administrative remedies); 42 U.S.C. § 2000e-16(c); *Thompson v. U.S. Postal Serv.*, No. 02-020-SLR, 2002 WL 31833144, at *2 (D. Del. Oct. 29, 2002) (dismissing Title VII complaint because the plaintiff-federal employee failed to exhaust his administrative remedies).

8

Second of all, as explained in the Opening Brief, Plaintiff does not even attempt to allege, as he must, a prima facie case of discrimination under either Title VII or the Rehabilitation Act. (*See* Op. Br. at 12-13); *Donahue v. Consol. Rail Corp.*, 224 F.3d 226, 229 (3d Cir. 2000) (describing the elements of a prima facie case of discrimination under the Rehabilitation Act); *Jones v. U.S. Postal Serv.*, No. 02-1449-SLR, 2004 WL 1739714, at *3 (D. Del. July 21, 2004) (describing the elements of a prima facie case of discrimination under Title VII). Accordingly, Plaintiff's third claim should be dismissed.

### IV.  PLAINTIFF'S FOURTH CLAIM SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8.

As explained in the Opening Brief, Plaintiff's fourth and final claim should be dismissed because it does not allege a single fact to support a claim of discrimination. (*See* Op. Br. at 13-14.) In his Response, Plaintiff acknowledges this deficiency, yet still fails to allege any facts to support any additional claims of discrimination. (*See* Pl.'s Aff. ¶ 17 ("The last item noted by the AUSA is that I did not note a single fact to support my claim of discrimination.").) At most, Plaintiff claims that there are e-mails "within the FBI system" that contain "additional examples of the wholesale disregard for the [FBI's] standards." (*Id.* ¶ 16.) That clearly does not suffice to state a claim. *See, e.g.*, *EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 971 (7th Cir. 1996) ("We wholeheartedly agree with EEOC's point that it may obtain relief for instances of discrimination that it discovers during an investigation of a timely charge. However, EEOC puts the cart before the horse by suggesting that it does not need an independently sufficient charge in order to file a lawsuit and obtain the discovery through which it may uncover these additional instances of discrimination. This argument recalls the aphorism that discovery is not to be used

9

as a fishing expedition."). For all these reasons, Plaintiff's Complaint should be dismissed.

**CONCLUSION**

    For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

DATED: September 14, 2006.

                                                        Respectfully Submitted,

                                                        COLM F. CONNOLLY
                                                        United States Attorney

                                     By:     /s/ Seth M. Beausang
                                                        Seth M. Beausang (I.D. No. 4071)
                                                        Assistant United States Attorney
                                                         The Nemours Building
                                                         1007 Orange Street, Suit 700
                                                         Wilmington, DE 19801
                                                         (302) 573-6277

## CERTIFICATE OF SERVICE

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 14th day of September, 2006, I caused two copies of the Reply Brief in Support of Defendants' Motion to Dismiss to be served on the Plaintiff by First Class Mail at the following address:

James N. Patnaude, pro se
P.O. Box 7971
Newark, DE 19714

                                              /s/ Seth M. Beausang
                                              Seth M. Beausang (DE I.D. No. 4071)